HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
NORMA GUARIGLIA, ESQ.
Nevada Bar No. 16244
850 E. Patriot Blvd, Suite F
Reno, Nevada 89511
Telephone:  (775) 786-7600
Email: steve@harrislawreno.com
Email: norma@harrislawreno.com

Attorneys for Gregory Stoutenburgh
and Xema Fly

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| IN RE: | Case No. BK-26-50580-hlb<br>Chapter 11 (Involuntary) |
| EPICA INTERNATIONAL, INC.,<br>a Nevada corporation, | **APPLICATION FOR ORDER RATIFYING STOCKHOLDER ELECTION OR COMPELLING ANNUAL SHAREHOLDER MEETING PURSUANT TO NRS 78.345** |
| Alleged Debtor. | |
| | Hearing Date:<br>Hearing Time:<br>Est. Time:        15 minutes<br>Set By:          OST Requested |
| _____/ | |

Gregory Stoutenburgh and Xema Fly (collectively "**Shareholders**"), common stockholders of Epica International, Inc., through their undersigned counsel, file their *Application for Order Ratifying Stockholder Election or Compelling Annual Shareholder Meeting Pursuant to NRS 78.345* ("**Application**").

This Application is based on the following points and authorities, the papers and pleadings on file in this case of which Shareholders ask the Court to take judicial notice of pursuant to Fed. R. Evid. 201, any supporting evidence presented, and oral argument of counsel at any hearing on

this matter.

## SUMMARY

This matter presents a critical question of corporate governance at the heart of Epica International, Inc.'s ("**Epica**" or "**Alleged Debtor**") pending involuntary chapter 11 case. Shareholders, together holding over 21% of Epica's voting common stock, respectfully seek this Court's intervention to restore the fundamental rights of shareholders and ensure the integrity of the bankruptcy process. Despite clear statutory requirements and repeated shareholder demands, Epica's board has failed and refused to convene an annual meeting for the election of directors for more than eighteen months. This persistent inaction has deprived shareholders of their primary means of corporate oversight and accountability, and threatens to undermine both the administration of the bankruptcy estate and the prospects for a successful reorganization.

Nevada law provides a direct remedy for this situation, empowering shareholders holding at least 15% of the voting power to petition the court for an order compelling an annual meeting when the board fails to act. The relief sought is not only authorized by statute, but is essential to protect the rights of shareholders, to ensure proper management of the debtor during bankruptcy, and to uphold the public policy favoring the shareholder franchise. The Bankruptcy Court's jurisdiction is firmly established, as the governance and control of Epica are matters related to the administration of the estate and the Debtor's ability to reorganize. For these reasons, the Court's prompt intervention is both warranted and necessary.

## FACTS

Epica is a Nevada corporation formed on November 22, 2013. The corporation is authorized to issue 100 million shares of common stock and 20 million shares of preferred stock, with the board of directors vested with broad authority over the issuance and designation of preferred stock. Epica's articles of incorporation and bylaws provide for annual meetings of shareholders for the election of directors, and permit the removal of directors by a majority of shares entitled to vote. The bylaws further specify procedures for notice, quorum, voting, and shareholder action, and do not restrict the right of shareholders to seek judicial intervention when the board fails to act.

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

On June 4, 2026, certain Petitioning Creditors filed the above-captioned involuntary chapter 11 bankruptcy petition against Epica. Gregory Stoutenburgh and Xema Fly are shareholders of record, holding approximately 11.1% and 10.6% of Epica's voting common stock, respectively. *See Declaration of Gregory W. Stoutenburgh*. Together, they represent a significant voting interest in the corporation.

Since at least 2023, the members of Epica's board of directors have not owned a majority of voting common stock and have failed to convene an annual shareholder meeting for the election of directors, in violation of both Nevada law and the corporation's governing documents. Despite repeated written and oral requests from shareholders, the board has refused to call such a meeting. A majority of shareholders have expressed dissatisfaction with the current board and desire the opportunity to elect new directors. The failure to hold an annual meeting has deprived shareholders of their fundamental right to participate in the governance of the corporation and to hold the board accountable.

Moreover, because of the board's refusal to hold an annual shareholder meeting for more than eighteen months, on May 20 and 21, 2026, Epica's common stockholders held an election by signing Shareholder Consents in lieu of a meeting under NRS 78.320(2) and Section 8, Article 1 of Epica's bylaws as "Stockholder Action Without Meetings." At that time, a majority of voting common shareholders (64.4%) voted to elect three new directors as the official new board for Epica, namely, John Gezelin, Robert Epstein, and Donald Stone (collectively "**New Board**"). *See Stoutenburgh Declaration; Stone Declaration.* Despite the majority shareholders' vote for a New Board, Epica's prior directors have continued to make decisions for Epica and have refused to cede their control of Epica to the New Board.

Epica's articles of incorporation and bylaws have no provisions that restrict the right to call a shareholder meeting or limit the authority of the court to order such a meeting. Nevada law also allows shareholders to vote for a new board when an existing board refuses to hold annual meetings to provide for a shareholder vote. Accordingly, Shareholders now seek judicial intervention to protect their rights and to ensure that Epica's governance is consistent with Nevada law and the interests of the bankruptcy estate.

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

3

## JURISDICTION

The Court has subject matter jurisdiction to consider the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334 (b). As required by LR 7008, Shareholders consent to entry by the Court of a final order on this Application.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Alleged Debtor is a Nevada corporation with its registered office located in Carson City, Nevada.

## LEGAL ARGUMENT

### A. The Bankruptcy Court Has Jurisdiction to Order a Shareholder Meeting for the Election of Directors

Federal bankruptcy courts have jurisdiction over all civil proceedings arising under, arising in, or related to cases under title 11. 28 U.S.C. § 1334. This includes matters that could affect the administration of the bankruptcy estate, such as disputes over the management and control of a debtor corporation. The relief sought here, an order compelling a shareholder meeting for the election of directors, directly impacts the governance of Epica during the pendency of the bankruptcy case and is therefore within the court's jurisdiction. 28 U.S.C. § 1334.

Bankruptcy courts have recognized their authority to intervene in corporate governance disputes where necessary to protect the estate, including disputes over the composition of the board of directors. *See In re MARVEL Entm't Grp.*, 209 B.R. 832, 838 (D. Del. 1997) ("It is well settled that the right of shareholders to compel a shareholders' meeting for the purpose of electing a new board of directors subsists during reorganization proceedings . . . [t]he right of shareholders 'to be represented by directors of their choice and thus to control corporate policy is paramount'") (citations omitted). Moreover, shareholders "should have the right to be adequately represented in the conduct of a debtor's affairs, particularly in such an important matter as the reorganization of the debtor." *Id.*

Here, the outcome of the shareholder meeting will determine who manages the Alleged Debtor during this bankruptcy proceeding, which is central to the administration of the estate and the Alleged Debtor's ability to reorganize.

**B. The Applicants Satisfy the Statutory Prerequisites for Relief Under NRS 78.345**

NRS 78.345 provides that if a Nevada corporation fails to elect directors within 18 months after the last required election, the district court has equitable jurisdiction, upon application of shareholders holding at least 15% of the voting power, to order the election of directors. NRS § 78.345. The applicants, Gregory Stoutenburgh and Xema Fly, collectively hold approximately 21.7 % of Epica's voting common stock, exceeding the statutory threshold.

The statute further requires that the application be brought on behalf of all stockholders desiring to be joined and that notice be given to the corporation and stockholder as the court directs. *Id.* Accordingly, all that is required by statute is for Shareholders to petition the Court to order an election. The Court has broad discretion to determine any noticing requirements for such election.

The facts establish that Epica has not held an annual shareholder meeting for the election of directors since at least 2023, and more than 18 months have elapsed since the last election. *See Stone Declaration*. The board has refused requests to hold such a meeting. *Id.* These facts satisfy the statutory prerequisites for court intervention. NRS § 78.345.

As explained above, a majority of Epica's shareholders already voted for the New Board on May 20 and 21, 2026. Shareholders would therefore ask this Court to ratify the May 20–21, 2026 election to ensure that the New Board is duly recognized as the current authorized governing body for Epica. Alternatively, Shareholders request that the Court order an annual shareholder meeting immediately to be held on a specific date set by the Court so that the shareholders can vote to elect board members expeditiously to prevent continued stockholders' disenfranchisement and irreparable harm to Epica's estate.

**C. Epica's Governing Documents Do Not Restrict the Right to Call a Meeting or Limit the Court's Authority**

Epica's articles of incorporation and bylaws provide for annual meetings of shareholders for the election of directors and permit the replacement of directors by a majority of shares entitled to vote. *See Epica Bylaws*, Article I Section 7, and Article II, attached to *Stoutenburgh Declaration* as Exhibit 1. The bylaws specify procedures for notice, quorum, voting, and

shareholder action, and do not restrict the right of shareholders to seek judicial intervention when the board fails to act. *Id.* There are no provisions in the governing documents that limit the authority of the court to order a shareholder meeting or otherwise restrict the relief sought. *Id.*

### D. The Relief Sought Is Consistent with Nevada Law and Public Policy

Nevada law and public policy strongly favor the protection of the shareholder franchise, particularly the right to elect directors. As recognized by the District of Nevada, shareholders' primary protections are the rights to sell their stock or vote to replace incumbent board members, and interference with the shareholder vote is a serious matter that is not subject to the board's business judgment. *Hilton Hotels Corp. v. ITT Corp.*, 978 F. Supp. 1342, 1351 (D. Nev. 1997). The board that is currently controlling Epica was illegitimate even before failing to hold regular shareholder annual meetings (for other reasons not relevant to this Application), but termed out long ago even if they were ever legitimately elected. The rights of shareholders to elect directors is fundamental and should not be frustrated by board inaction.

Granting the relief sought here, an order compelling an annual meeting for the election of directors, serves to vindicate this core shareholder right and aligns with both the letter and spirit of Nevada corporate law. NRS § 78.345; *Hilton Hotels Corp.*, 978 F. Supp. at 1351 (holding that shareholders generally have only two protections against perceived inadequate business performance; they may sell their stock or vote to replace incumbent board members).

### CONCLUSION

For the foregoing reasons, Gregory Stoutenburgh and Xema Fly respectfully request that this Court enter an order, pursuant to NRS 78.345, ratifying the May 20–21, 2026 stockholder election where a majority of common stockholders voted for the New Board, or alternatively, compelling Epica to immediately convene an annual shareholder meeting for the purpose of electing directors, with such notice and procedures as the Court deems appropriate. This relief is necessary to vindicate the statutory and equitable rights of shareholders, to ensure lawful and

///

///

///

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

effective corporate governance during the pendency of this bankruptcy case, and to protect the interests of the estate and all stakeholders.

Respectfully submitted June 21, 2026.

HARRIS LAW PRACTICE LLC

*/s/ Norma Guariglia*
NORMA GUARIGLIA
Counsel for Shareholders

**CERTIFICATE OF SERVICE**

On June 21, 2026, the foregoing document was served via ECF automated system to all parties registered with ECF in this case on the date and time I filed the document with the Court's ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated June 21, 2026.

/s/ Norma Guariglia

_____

Norma Guariglia