HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
NORMA GUARIGLIA, ESQ.
Nevada Bar No. 16244
850 E. Patriot Blvd, Suite F
Reno, Nevada 89511
Telephone:  (775) 786-7600
Email: steve@harrislawreno.com
Email: norma@harrislawreno.com

Attorneys for Devdend LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE: | Case No. BK-26-50579-gs<br>Chapter 11 (Involuntary) |
| EPICA HUMAN HEALTH LLC,<br>a Nevada limited liability company, | **MOTION FOR RECONSIDERATION OF ORDER, TO AMEND JUDGMENT OR FOR NEW HEARING PURSUANT TO FRBP 9023, 9024, AND 7052** |
| Alleged Debtor.<br>_____ / | Hearing Date:   TBD<br>Hearing Time:   TBD |

Devdend LLC ("**Devdend**"), petitioning creditor in this case,[1] through its undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024, which incorporate Federal Rules of Civil Procedure 59(e) and 60(b), for reconsideration of the Court's _Memorandum Decision on Alleged Debtors' Motion for Order Dismissing Involuntary Petitions_, entered July 2, 2026 [ECF No. 67] (the "**Memorandum Decision**"), in the

---

[1] Because of the related nature of the cases, the combined hearing on relevant matters, and the similarities in the Memorandum Decision entered in each case, an almost identical motion was filed in the related case of Epica International, Inc., Case No. 26-50580-gs ("**Epica**"). References in this motion to "**Petitioning Creditors**" refers to Devdend LLC, Advanced Imaging, LLC, Sanjeev Kaila, M.D., e-Possible, Inc., South Florida Veterinary Medical Services, LLC, Mobile Pet Imaging, LLC, Texas Avian & Exotic Hospital, PLLC, and Laurel Oaks Veterinary Center LLC.

above-captioned involuntary case for Epica Human Health LLC ("**Epica HH**," and with Epica, collectively the "**Alleged Debtors**").

This Motion is supported by the following memorandum of points and authorities, the papers and pleadings on file in this case, and oral argument of counsel at any hearing on this matter.

### SUMMARY

The Court's Memorandum Decision converted *Alleged Debtors' Motion for Order Dismissing Involuntary Petitions* [ECF No. 31] ("**Motion to Dismiss**") to a motion for summary judgment under Federal Rule of Civil Procedure 56 and determined that the three original Petitioning Creditors' claims are subject to bona fide dispute.

This conversion and the subsequent grant of summary judgment were procedurally improper and manifestly unjust. At the hearing on June 26, 2026, the Court inquired whether Alleged Debtors intended the Motion to Dismiss to be under Rule 12(b)(6) even though the Motion to Dismiss expressly invoked 11 U.S.C. § 305 and made no mention of any portion of Fed. R. Civ. P. 12 or the standards for such a motion. Alleged Debtors' counsel responded that they intended the motion to be a motion to dismiss under Rule 12(b)(6) for failure to state a claim.

The Petitioning Creditors' counsel argued at the hearing that the motion was not a Rule 12(b)(6) motion because it did not mention Rule 12(b)(6) anywhere in its text. Neither the Court nor any party mentioned summary judgment at the hearing.

After the hearing, the Court entered the Memorandum Decision stating that it converted the Motion to Dismiss to a motion for summary judgment under Rule 56 because "matters outside the pleadings" were submitted by both parties. The Court concluded that "both parties have been fairly appraised that the court would consider the evidence outside the pleadings they have both presented" and that "no further notice or opportunity to present new evidence is required." This conclusion was error.

The Petitioning Creditors submitted their opposition materials in response to a motion filed only under 11 U.S.C. § 305 seeking dismissal or abstention under those standards, not in response to a motion under Rule 12(b)(6) and certainly not in response to a motion for summary

judgment under Rule 12(b)(6). The parties never briefed the standards, burdens, or evidentiary requirements applicable to Rule 12(b)(6) or summary judgment. The Petitioning Creditors had no opportunity to present all material pertinent to a summary judgment motion as required by Rule 12(d), made applicable to contested involuntary petitions by Federal Rule of Bankruptcy Procedure 1018. The Court's sua sponte conversion to summary judgment without adequate notice violated the procedural safeguards mandated by Rule 12(d) and Rule 56(f), deprived the Petitioning Creditors of due process, and constituted manifest error warranting reconsideration under Rules 9023 and 9024.

## JURISDICTION

The Court has subject matter jurisdiction to consider the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334 (b). As required by LR 7008, Devdend consents to entry by the Court of a final order on this Motion.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 Epica HH is a Nevada limited liability company.

## BACKGROUND

On June 4, 2026, Devdend filed its involuntary Chapter 11 petition against Epica HH.

On June 17, 2026, Epica HH filed the Motion to Dismiss, styled as "Alleged Debtors' Motion for Order Dismissing Involuntary Petitions." The Motion to Dismiss expressly sought relief under 11 U.S.C. § 305, arguing that the Petitioning Creditors did not hold qualifying claims not subject to bona fide dispute and that the Court should thus abstain or dismiss the case under § 305(a). The Motion to Dismiss did not reference Rule 12, Rule 12(b)(6), or summary judgment. The Motion to Dismiss also did not reference any standards under Rule 12(b)(6), which turns on the sufficiency of a pleading.

The Petitioning Creditors filed their *Opposition to Alleged Debtors' Motion for Order Dismissing Involuntary Petitions* on June 23, 2026, addressing the statutory standards under §§ 303 and 305 and opposing Alleged Debtors' arguments under § 305's "best interests of creditors and the debtor" standard.

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

The Court held a hearing on the Motion to Dismiss on June 26, 2026. At the hearing, in response to the Court's questions, Alleged Debtors' counsel stated in passing that the Motion to Dismiss was intended to be a motion under Rule 12(b)(6). The Petitioning Creditors' counsel argued that the motion was not a Rule 12(b)(6) motion because it did not mention Rule 12(b)(6). Neither the Court nor the parties discussed or mentioned summary judgment at the hearing.

On July 1, 2026, the Court entered the Memorandum Decision. The Memorandum Decision stated that the Court converted the Motion to Dismiss to a motion for summary judgment under Rule 56 because both parties had submitted matters outside the pleadings and "invited consideration of them." The Court concluded on summary judgment that the Petitioning Creditors' claims are subject to bona fide dispute.

Although no separate order or judgment has yet been entered dismissing the case, this Motion is filed out of an abundance of caution within fourteen days of entry of the Memorandum Decision and is timely under Rule 9023, incorporating Rule 59(e).

<u>**LEGAL ARGUMENT**</u>

**A. Reconsideration and Amendment of the Memorandum Decision is**

**warranted due to an error of law, mistake, and to prevent manifest injustice.**

The Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure do not per se recognize a motion for reconsideration. *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (B.A.P. 9th Cir. 2004). However, the rules recognize a motion to alter or amend a judgment, Fed. R. Civ. P. 59, Fed. R. Bankr. P. 9023, and a motion for relief from judgment Fed. R. Civ. P. 60, Fed. R. Bank. P. 9024. Courts will therefore consider motions under FRBP 9023 or 9024 as "motions for reconsideration." *See In re Walker*, 332 B.R. 820, 826–832 (Bankr. D. Nev. 2005).

Wright, Miller & Kane have set forth four grounds upon which a motion under Rule 59 may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

4

manifest injustice….Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Id.*, citing, 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D §2810.1 (1995).

Other courts have likewise agreed that a motion to reconsider under FRBP 9023 must rely on one of three major grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error [of law] or prevent manifest injustice." *In re Integrated Health Servs.*, 258 B.R. 96 (Bankr. D. Del. 2001) (quoting *Natural l Resources Defense Council v. United States Envtl. Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 908 (3d Cir. 1985)) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence"); *Dentsply Int'l., Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 417 (D. Del. 1999) ("[motions for reargument] should be granted sparingly and should not be used to rehash arguments already briefed or allow a 'never-ending' polemic between the litigants and the Court").

Moreover, a judgment is void under Rule 60(b)(4) if it was entered "by a court without jurisdiction or in contravention of due process of law." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 985 (7th Cir. 1989). Constitutionally defective notice renders a judgment void. *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008). Relief under Rule 60(b)(1) is available where a judgment results from "mistake, inadvertence, surprise or excusable neglect" and "applies to errors by judicial officers as well as parties." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d at 985.

Rule 60(b)(6) authorizes relief for other reason that justifies relief, and provides a residual basis for relief from unjust judgments. Fed. R. Civ. P. 60(b)(6); *Rogan v. Countrywide Home Loans, Inc. (In re Brown)*, 413 B.R. 700, 705 (B.A.P. 6th Cir. 2009). This provision applies where extraordinary circumstances warrant relief from the judgment. *Id.*

Notice Requirement for Sua Sponte Conversion to Summary Judgment

Fed. R. Civ. P. 12(d), made applicable to contested involuntary petitions by Fed. R. Bankr. P. 1018, provides that when matters outside the pleadings are presented to and not excluded by

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

the court in connection with a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Davis v. Howard*, 561 F.2d 565, 570 (5th Cir. 1977).

Federal Rule of Civil Procedure 56(f) provides that before granting summary judgment sua sponte, a court must give notice and a reasonable time to respond and must identify for the parties material facts that may not be genuinely in dispute.

"A district court's failure to provide adequate notice is almost always reversible error, " and a "notice-free, sua sponte entry of summary judgment is 'firmly discouraged' and is limited only to situations when there is no indication that the party against whom summary judgment would be entered could present evidence that would affect the summary judgment determination." *ING Bank N.V. v. M/V Temara*, 892 F.3d 511, 524 (2d Cir. 2018) (citations omitted). A court may grant summary judgment on its own initiative only after giving notice and a reasonable time to respond. Notice may be informal but must allow a full and fair opportunity to present countervailing evidence. *Fernandez v. GE Capital Morg. Servs. (In re Fernandez)*, 227 B.R. 174, 179 (B.A.P. 9th Cir. 1998); *Moore v. Equitrans, Ltd. P'ship*, 27 F.4th 211, 224–26 (4th Cir. 2022).

**B. The Court Committed Manifest Error of Law by Converting the Motion to Dismiss to Summary Judgment Without Notice or Opportunity to Present Evidence**

1. The Petitioning Creditors Did Not Receive Notice That the Court Would Treat the Motion to Dismiss as a Summary Judgment Motion

The Memorandum Decision states that the parties were "fairly appraised that the court would consider the evidence outside the pleadings they have both presented" because both parties "submitted matters outside the pleadings to the judge and invite[d] consideration of them." This conclusion is erroneous.

A party is "fairly appraised" that the court will decide a summary judgment motion if that party submits matters outside the pleadings to the judge and invites consideration of them. *Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 549 (9th Cir. 1998); *Davis v. Howard*, 561

F.2d at 570. (5th Cir. 1977). However, the critical question is whether the party submitted materials in the context of a Rule 12(b)(6) motion, not whether the party submitted evidence in response to ANY motion. Indeed, the Ninth Circuit has expressly held that if a motion for summary judgment is based on reason "A," the court may not grant summary judgment on grounds "B" or "C" without giving that party notice and opportunity to be heard. *In re Rothery*, 143 F.3d at 549.

Here, the Petitioning Creditors submitted their opposition materials in response to a motion filed under 11 U.S.C. § 305 seeking dismissal or abstention. The Motion to Dismiss did not cite or reference Rule 12(b)(6), any part of Rule 12, or summary judgment.

At the hearing, Epica's counsel stated, for the first time during his rebuttal arguments after Petitioning Creditors' counsel, that Epica intended the motion to be considered under Rule 12(b)(6). Neither the Court nor the parties mentioned summary judgment at the hearing.

The Petitioning Creditors had no notice that the Court would treat the Motion to Dismiss as a motion for summary judgment. They submitted evidence in response to a § 305 motion, not a Rule 12(b)(6) motion. They did not brief the standards, burdens, or evidentiary requirements applicable to Rule 12. The opposition and materials were submitted in response to a § 305 motion which is a distinct statutory remedy governed by the "interests of creditors and the debtor" standard. A section 305 motion requires the Court to consider some facts to analyze the interests of creditors and the debtor. *See* 11 U.S.C. § 305(a)(1). On the other hand, a motion seeking relief under Rule 12(b)(6) only tests the legal sufficiency of a pleading, here, the involuntary petitions. And, Petitioning Creditors had no opportunity to marshal and present all material pertinent to a summary judgment motion as required by Rule 12(d).

2. The Court's Finding That the Parties "Invited" Consideration of Materials for Summary Judgment Purposes Was Clear Error

The Memorandum Decision states that the parties "invited" the Court to consider matters outside the pleadings for purposes of summary judgment. This finding is erroneous.

The Petitioning Creditors submitted their opposition materials in response to a motion under § 305, not Rule 12(b)(6).

HARRIS LAW PRACTICE, LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

7

A party does not "invite" consideration of materials for summary judgment purposes under Rule 12(b)(6) merely by submitting evidence in response to a motion under a different procedural standard. Here, the record does not demonstrate that the Petitioning Creditors were aware that the Court would treat the Motion to Dismiss as a summary judgment motion under Rule 12(b). The Court did not mention summary judgment at the hearing. The parties did not brief summary judgment. The Petitioning Creditors had no reasonable opportunity to present evidence specifically tailored to the summary judgment standard.

### C. The Sua Sponte Conversion to a Rule 12(b)(6) Summary Judgment Violated Due Process and Renders the Judgment Void or Voidable Under Rule 60(b)

The Court's sua sponte conversion to summary judgment without notice also violated the Petitioning Creditors' due process rights and warrants relief under Rule 60(b). Due process requires notice and an opportunity to be heard before a court may enter judgment against a party. *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d at 737. "Constitutionally defective notice renders a judgment void." *Id.* A judgment is void under Rule 60(b)(4) if it was entered "by a court without jurisdiction or in contravention of due process of law." *Wesco Prods. Co. v. Alloy Auto. Co*., 880 F.2d at 984.

Here, the Petitioning Creditors had no notice that the Court would apply the summary judgment standard to a Rule 12 motion. They had no opportunity to present evidence or argument specifically tailored to that standard. They were deprived of the procedural protections mandated by Rules 12(d) and 56(f), and this deprivation violated due process.

The Fourth Circuit has held that where a court grants summary judgment sua sponte on an issue without providing the non-moving party "adequate notice and an opportunity to be heard," the grant of summary judgment violates Rule 56(f) and must be vacated. *Moore v. Equitrans, Ltd. P'ship*, 27 F.4th at 227. The Second Circuit has held that a "notice-free, sua sponte entry of summary judgment is 'firmly discouraged' and is limited only to situations when there is no indication that the party against whom summary judgment would be entered could present evidence that would affect the summary judgment determination." *ING Bank N.V. v. M/V Temara*, 892 F.3d at 524.

Here, there is every indication that the Petitioning Creditors could present additional evidence and argument if given notice and an opportunity to respond to a summary judgment motion. The Memorandum Decision acknowledges that the Petitioning Creditors submitted evidence showing that Joe Soto confirmed in writing that the Petitioning Creditors had paid Epica and Epica HH for 44 units but received only 35. The Court concluded that this evidence was insufficient to establish the Petitioning Creditors' claims because the evidence did not explain "why EHH and International were legally obligated to deliver nine 'units,' much less deliver them to Devdend."

If the Petitioning Creditors had notice that the Court would apply a Rule 12(b)(6) summary judgment standard, they could have presented additional evidence and argument addressing the legal basis for Alleged Debtors' obligations, the relationship between the parties, the course of dealing, and the application of the funds received. They could have addressed whether disputed facts were "material" and whether disputes were "genuine" under Rule 56. They could have argued that the Court must view the evidence in the light most favorable to the Petitioning Creditors as the non-moving parties. The Court's failure to provide notice and an opportunity to respond deprived the Petitioning Creditors of due process and warrants relief under Rule 60(b)(4) as a void judgment or under Rule 60(b)(1) as a judgment resulting from surprise or excusable neglect.

## **CONCLUSION**

For the foregoing reasons, Devdend respectfully requests that this Court grant this Motion and vacate the portion of the Memorandum Decision granting summary judgment on the issue of Devdend's qualifications as a petitioning creditor; and for such other proper relief.

Respectfully submitted July16, 2026.

HARRIS LAW PRACTICE LLC

*/s/ Norma Guariglia*
NORMA GUARIGLIA
Counsel for Devdend LLC

**<u>CERTIFICATE OF SERVICE</u>**

On July 16, 2026, the foregoing document was served via ECF automated system to all parties registered with ECF in this case on the date and time I filed the document with the Court's ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated July 16, 2026.

*/s/ Norma Guariglia*

_____
Norma Guariglia